STATE OF WEST VIRGINIA

FILED

March 19, 2021
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHN C. KESSLER,**
**Claimant Below, Petitioner**

**vs.)   No. 20-0049** (BOR Appeal No. 2054466)
                    (Claim No. 2018017624)

**WV DIVISION OF HIGHWAYS,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner John C. Kessler, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). WV Division of Highways, by Counsel Jillian L. Moore, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on February 23, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its August 8, 2019, Order. The Order was affirmed by the Board of Review on December 9, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Kessler, a mechanic, alleges that he developed carpal tunnel syndrome in the course of and resulting from his employment. Bilateral carpal tunnel syndrome was first found during a May 29, 2012, EMG/NCS. On January 30, 2018, Mr. Kessler underwent a second EMG/NCS, which was interpreted as showing bilateral carpal tunnel syndrome. There was no evidence of cervical radiculopathy. The Employees' and Physicians' Report of Injury was completed on January 30, 2018, and indicates Mr. Kessler's work required him to change tires and use impact wrenches, sledgehammers, and hand tools. His date of last exposure was December 7, 2017. The physicians' section was completed by Michael Kominksy, D.C., who diagnosed occupational bilateral carpal tunnel syndrome.

1

Dr. Kominsky completed a BrickStreet Carpal Tunnel Syndrome Physician Questionnaire on February 6, 2018, in which he noted that Mr. Kessler was previously diagnosed with cervical spondylosis/arthritis. Dr. Kominsky opined that Mr. Kessler sustained a bilateral wrist/hand repetitive strain injury as a result of his work duties, which included using hammers, impact wrenches, torches/welders, hand wrenches, and vibrating hydraulic tools. Mr. Kessler completed a BrickStreet Carpal Tunnel Syndrome Claimant Questionnaire on February 12, 2018, in which he stated that he had tingling/numbness, loss of sensation, cold hands, right hypersensitivity, arm weakness, and difficulty using both hands. He noted that he was previously diagnosed with rheumatoid arthritis. Mr. Kessler's hobbies included automotive/motorcycle mechanics, gardening, using hand and power tools, and occasional carpentry and construction.

In a February 19, 2018, Physician Review, Syam Stoll, M.D., performed a Physician Review in which he opined that the claim should not be held compensable for carpal tunnel syndrome. Dr. Stoll found that Mr. Kessler worked for the employer for fifteen years but was not a mechanic the entire time. He also found that Mr. Kessler was previously diagnosed with cervical spondylosis and arthritis. Further, he was severely obese. Dr. Stoll concluded that there was insufficient evidence for a diagnosis of occupational carpal tunnel syndrome.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on February 19, 2018, in which he found that Mr. Kessler had symptoms suggestive of peripheral neuropathy. Dr. Mukkamala did not believe Mr. Kessler suffered from carpal tunnel syndrome. In support, Dr. Mukkamala noted that Mr. Kessler reported numbness in all fingers, not just the ones supplied by the median nerve. Dr. Mukkamala opined that if Mr. Kessler had carpal tunnel syndrome, his numbness would be along the median nerve distribution, not in the entire hand. Dr. Mukkamala reviewed the EMG/NCS and found that findings were not consistent with carpal tunnel syndrome. He also reviewed a 2012 diagnostic study and opined that it also did not show carpal tunnel syndrome. Dr. Mukkamala asserted that Mr. Kessler did not have carpal tunnel syndrome, but, if he did, it certainly was not the result of his work duties. Mr. Kessler had an extremely significant, nonoccupational risk factor for carpal tunnel syndrome in the form of obesity. The claims administrator rejected the claim on February 23, 2018.

Mr. Kessler testified in a March 7, 2019, deposition that he was a mechanic for fifteen years. He stated that he sometimes worked seventeen hours a day. From November to April every year, he worked as needed. Mr. Kessler testified that his job duties varied day to day. He used hand tools, impact wrenches, a motor grader, torchers, a welder, a tire machine, a tire balancer, and a metal lathe. Mr. Kessler stated that he used a lot of impact tools. He asserted that his symptoms progressed to the point that he could not use his right hand to do his duties and had to switch to the left. Eventually, Mr. Kessler had to wear padded leather gloves. He asserted that he used his hands repeatedly and forcefully daily. He had no symptoms or problems with his wrists/hands/fingers when he started working for the employer in 2003. Mr. Kessler testified that he began noticing symptoms in 2007 or 2008 but was not aware that he had a real problem until 2012 or 2013 when he was evaluated by Dr. Vaught. Mr. Kessler asserted that his symptoms progressively worsened. He ceased working on December 7, 2017, after sustaining a separate work-related injury. Mr. Kessler testified that his symptoms had improved since he stopped

working. He denied any preexisting upper extremity injuries, other than a 2012 left thumb injury. Mr. Kessler stated that he has received no treatment for carpal tunnel syndrome and missed no work due to his symptoms.

In a March 22, 2019, treatment note, Dr. Kominsky noted that a prior EMG showed carpal tunnel syndrome. Acute and chronic cervical radiculopathy was ruled out. Dr. Kominsky opined that Mr. Kessler's job duties caused him to develop carpal tunnel syndrome. He stated that job required him to use vibratory tools and constantly flex and extend his wrist. This caused irritation of the median nerve, causing carpal tunnel syndrome.

The Office of Judges affirmed the claims administrator's rejection of the claim on August 8, 2019. It found that Dr. Mukkamala noted in his independent medical evaluation that Mr. Kessler's median and ulnar nerves were equally affected, which is indicative of neuropathy, not carpal tunnel syndrome, because carpal tunnel only affects the median nerves. The Office of Judges determined that Dr. Mukkamala performed a more complete review of the medical records. It further determined that Dr. Mukkamala properly considered Mr. Kessler's obesity in arriving at his conclusion that Mr. Kessler does not have carpal tunnel syndrome, and, if he did, it was not the result of his work duties. By Order entered December 9, 2019, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the August 8, 2019, Order of the Office of Judges.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. In order to obtain workers' compensation benefits for an occupational disease, a claimant must show that the disease developed in the course of and resulting from his employment. *Barnett v. State Workmen's Compensation Commissioner*, 153 W.Va. 796, 172 S.E.2d 698 (1970). Mr. Kessler failed to show that he developed carpal tunnel syndrome in the course of and resulting from his employment. Further, it was not clearly wrong for the Board of Review to affirm the Office of Judges' determination that Dr. Mukkamala's opinion is more reliable than that of Dr. Kominsky.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed

**ISSUED: March 19, 2021**


**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton